Rosenblatt, J.
(concurring). I concur, insofar as the Court concludes that defendant’s actions did not constitute depraved indifference murder. I also agree with the Court’s determinations as to conspiracy and tampering with physical evidence.
Given People v Sanchez (98 NY2d 373 [2002]), I recognize and applaud the Court’s conclusion that the case before us involves actions bespeaking intentional conduct rather than heightened recklessness. In this manner, the Court is limiting Sanchez by properly rejecting the incongruous notion that an intentional killing can reflect depraved indifference. It is reassuring, therefore, that there are now six Judges of this Court who recognize that even under Sanchez (with which I have disagreed) depraved indifference murder does have its limits. I write separately to emphasize that, in my view, depraved indifference murder was not proven in this case for reasons I expressed in my dissent in Sanchez (98 NY2d at 394-416), notably, that the critical element in depraved indifference murder is not recklessness, but depraved indifference. Because the proof was legally insufficient to establish depraved indifference, I would affirm the order of the Appellate Division, as modified.